UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Lynne Ogawa, Parent and Natural Guardian of
T.O.F., a Minor Child; and Laura Flockencier,
Parent and Natural Guardian of T.O.F., a Minor
Child,

        Plaintiffs,

  v.

Saint Paul Public Schools, Independent School
District No. 625,

        Defendant.

**MEMORANDUM OPINION
AND ORDER**
Civil No. 17-1398 ADM/DTS

_____

Amy J. Goetz, Esq., and Andrea L. Jepsen, Esq., School Law Center, LLC, St. Paul, MN, on behalf of Plaintiffs.

Adam C. Wattenbarger, Esq., and Peter G. Mikhail, Esq., Kennedy & Graven, Chartered, Minneapolis, MN, on behalf of Defendant.

_____

## I. INTRODUCTION

On November 30, 2017, the undersigned United States District Judge heard oral argument on Plaintiffs Lynne Ogawa, Parent and Natural Guardian of T.O.F., a Minor Child; and Laura Flockencier, Parent, and Natural Guardian of T.O.F., a Minor Child's (collectively, "Plaintiffs") Revised Motion for Summary Judgment [Docket No. 21], and Defendant Saint Paul Public Schools, Independent School District No. 625's (the "School District") Motion for Summary Judgment [Docket No. 28]. For the reasons set forth below, Plaintiffs' Motion is granted, and the School District's Motion is denied.

## II. BACKGROUND

The only remaining issue in this case is the narrow one of whether Plaintiffs were the

"prevailing party" in their administrative due process complaint brought under the Individuals with Disabilities Education Act (the "IDEA"), 20 U.S.C. § 1415. If so, Plaintiffs are entitled to an award of reasonable attorneys' fees. If they were not, no attorneys' fees will be awarded.

## A. T.O.F.

T.O.F., a 10-year-old student, was first evaluated by the School District for special education services in April 2013. Compl. [Docket No. 1] ¶¶ 1–3. He was diagnosed as having emotional/behavioral disorders, and his parents agreed to an Individualized Education Program ("IEP") based upon the initial evaluation. Administrative Record [Docket No. 11] ("AR") at OAH001316.

T.O.F. was reevaluated in March 2016, and his parents agreed to a new IEP based upon the reevaluation. Id.

## B. The December 6, 2016 Due Process Complaint

On November 21, 2016, T.O.F. brought a pocketknife to school, showed it to a fellow student, and reportedly threatened to kill the student if he reported the knife. Compl. ¶ 4. T.O.F. was suspended from school for five days.

On November 28, 2016, the School District provided T.O.F.'s parents with a Prior Written Notice/Consent to Evaluate, which was notice the School District sought to reevaluate T.O.F. after the knife incident. The performance areas to be evaluated included intellectual/cognitive functioning, academic performance, and emotional, social, and behavioral development. AR at OAH001316. The School District proposed to evaluate T.O.F.'s intellectual/cognitive functioning and his academic performance through a review of his previous testing. T.O.F.'s emotional, social, and behavioral development evaluations were to be

conducted through observation, a functional behavioral assessment, and a review of T.O.F.'s previous testing. On November 29, 2016, T.O.F.'s parents consented to the School District's proposal. Id.

On December 5, 2016, Plaintiffs filed a Complaint and Request for Hearing (the "Complaint") with the Minnesota Department of Education. First Goetz Aff. [Docket No. 27] Ex. A. In the Complaint, Plaintiffs sought: 1) to secure T.O.F.'s right to stay in his current educational placement;[1] 2) an independent educational evaluation ("IEE") at public expense; 3) an improved IEP and Behavioral Intervention Plan ("BIP") incorporating the results of the IEE, and 4) compensatory education services.[2] Id.

**1. Pre-Hearing Motions**

After the Complaint was filed, the parties resolved the dispute regarding the administrative transfer, and T.O.F. was permitted to return to the same school building. AR at OAH001584. The other issues remained.

On December 21, 2016, the School District filed a motion arguing that the Complaint should be dismissed because it lacked factual specificity as required under 34 C.F.R. 300.508(b)(5).[3] Id. at OAH001584–86. The Administrative Law Judge ("ALJ") agreed that the Complaint was deficient, but provided Plaintiffs an opportunity to amend. Id. at

---

[1] After T.O.F.'s suspension ended, the School District proposed administratively transferring him to a different school building. Answer [Docket No. 5] ¶ 7.

[2] Because the Complaint included a request for an IEE at public expense, the School District viewed the request as a withdrawal of the November 29, 2016 consent to the planned evaluation. As a result, the School District did not initiate the evaluation.

[3] 34 C.F.R. 300.508(b)(5) provides that a due process complaint must include "[a] description of the nature of the problem of the child relating to the proposed or refused initiation or change, including facts related to the problem[.]"

3

OAH001498–02.

On December 28, 2016, before an amended complaint was filed, the School District moved to dismiss Plaintiffs' demand for an IEE at public expense. Id. at OAH001461–67. The School District argued that since the parents never disagreed with any prior evaluation, they were not entitled to a publicly funded IEE. Id. at OAH001316. On January 24, 2017, while the School District's motion to dismiss the IEE demand was pending, Plaintiffs filed a motion for preliminary relief, requesting that the ALJ appoint three evaluators to conduct an IEE at public expense: 1) Dr. Richard S. Ziegler ("Dr. Ziegler") to conduct the psycho-educational evaluation portion of the IEE; 2) Janice Ostrom ("Ostrom") to conduct the functional behavior analysis portion of the IEE; and 3) Dr. Anne Gearity (Dr. Gearity") to assess T.O.F.'s childhood trauma and its effects on his learning. The School District responded opposing its obligation pay for the IEE.

On January 26, 2017, the ALJ denied the School District's motion to dismiss Plaintiffs' demand for an IEE at public expense. The ALJ concluded that his parents' acceptance of T.O.F.'s IEP in March 2016 did not waive their right to later disagree with the evaluation upon which that IEP was based. Id. at OAH001319–20. The ALJ therefore ordered the School District to perform an IEE at public expense. Id.

On February 16, 2017, the ALJ appointed Dr. Ziegler and Ostrom as evaluators, but disagreed that Dr. Gearity was needed to assess T.O.F.'s childhood trauma. The ALJ also rejected Plaintiffs' contention that the School District pay for the expenses incurred by Ostrom and Drs. Ziegler and Gearity prior to January 26, 2017, concluding that the School District's financial responsibility to provide the IEE began on January 26, 2017.

### 2. Complaint Dismissed

The due process hearing was scheduled for April 18, 2017, and Plaintiffs were ordered to file witness lists and exhibits by April 11, 2017. Id. at OAH000021–22.

Plaintiffs did not file an exhibit or witness list by the April 11, 2017 deadline. On April 12, 2017, the School District moved to dismiss the case due to Plaintiffs' failure to comply with the ALJ's scheduling order. Id. at OAH000016–18. On April 13, Plaintiffs' counsel wrote to the ALJ stating that the "primary issues raised for resolution in this matter are now resolved. The Student and his Parents withdraw the only remaining issue that has not been resolved, the claim for compensatory education services, and request dismissal." Id. at OAH000009. Plaintiffs assert that "[o]nce the IEE was completed and its results were incorporated into a new and significantly improved IEP for T.O.F., and once the final order regarding the IEE was issued, Plaintiffs were satisfied with the outcome of the proceedings." Compl. ¶ 16. The ALJ entered an order dismissing the case with prejudice that same day. Id. at OAH000008.

Plaintiffs' counsel wrote another letter later that day requesting that the ALJ file an amended order eliminating the statement that the parties "have resolved all their differences." Id. at OAH000005. T.O.F. additionally requested that the amended order reflect that dismissal be without prejudice. Id. at OAH000005. The ALJ filed an amended order that eliminated the objected to language, but again stated that dismissal was with prejudice. Id. at OAH000004.

### C. Federal Case

This federal case was filed on April 27, 2017. See Compl. Plaintiffs' only claim is for an award of reasonable attorneys' fees under 20 U.S.C. § 1415(i)(3)(B)(i)(I).

Both parties move for summary judgment. Plaintiffs contend that their success in

5

obtaining an order from the ALJ compelling the School District to provide an IEE at public expense gives them prevailing party status under § 1415(i)(3)(B)(i)(I).  The School District disagrees and argues that Plaintiffs did not prevail at the administrative level and are therefore not entitled to attorneys' fees.  The School District also argues that Plaintiffs' federal Complaint does not comply with Federal Rule of Civil Procedure 11 because the attorney of record was suspended from the practice of law at the time she signed the federal Complaint.

### III.  DISCUSSION

#### A.  Summary Judgment Standard

Summary judgment is appropriate if there are no genuine issues of material fact and the moving party can demonstrate that it is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  A fact is material if it might affect the outcome of the suit, and a dispute is genuine if the evidence is such that it could lead a reasonable jury to return a verdict for either party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A court considering a motion for summary judgment must view the facts in the light most favorable to the nonmoving party and give that party the benefit of all reasonable inferences to be drawn from those facts.  Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  However, the nonmoving party "may not rest upon allegations, but must produce probative evidence sufficient to demonstrate a genuine issue [of material fact] for trial."  Davenport v. Univ. of Ark. Bd. of Trs., 553 F.3d 1110, 1113 (8th Cir. 2009) (citing Anderson, 477 U.S. at 247–49).

#### B.  Attorney Signature on the Federal Complaint

The School District argues that the federal Complaint does not comply with Federal Rule of Civil Procedure 11(a) because Ms. Goetz was not licensed to practice law in Minnesota at the

time she signed the pleading as the attorney of record. This issue is now moot because Plaintiffs have filed an Amended Complaint [Docket No. 42] that complies with Rule 11.

## C. Attorneys' Fees Under the Individuals with Disabilities Education Act

### 1. Legal Standard

IDEA provides: "In any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees . . . to a prevailing party who is the parent of a child with a disability." 20 U.S.C. § 1415(i)(3)(B)(i)(I).

The parties dispute the appropriate legal standard for determining whether Plaintiffs are the prevailing party. Plaintiffs argue that a plaintiff prevails if it obtains "actual relief on the merits of [its] claim [that] materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." Farrar v. Hobby, 506 U.S. 103, 111–12 (1992). The School District contends that the definition of a prevailing party is narrower and requires a party to either "secure a judgment on the merits or a court-ordered consent decree." Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health and Human Res., 532 U.S. 598, 600 (2001).

The question addressed in Buckhannon was whether a plaintiff prevails if the filing of the lawsuit causes the defendant to voluntarily change its conduct. Id. at 600. In answering that question in the negative, Buckhannon stressed that the "catalyst theory"—allowing an award where there is no judicially sanctioned change in the legal relationship of the parties—"lack[ed] the necessary judicial *imprimatur*" to award attorneys' fees. Id. at 605. The School District contends Buckhannon expressly recognized only two appropriate bases for awarding attorneys' fees—judgment on the merits or settlements enforced through consent decrees. Buckhannon,

7

532 U.S. at 605.

The School District's very narrow interpretation has been rejected by multiple circuit courts.  See, e.g., Pres. Coal v. Fed. Transit Admin., 356 F.3d 444, 452 (2d Cir. 2004) ("Buckhannon does not limit fee awards to enforceable judgments on the merits or to consent decrees."); T.D. v. LaGrange Sch. Dist. No. 102, 349 F.3d 469, 478 (7th Cir. 2003) ("Buckhannon held that to be a 'prevailing party' a litigant must have obtained a judgment on the merits, a consent decree, or some similar form of judicially sanctioned relief."); Am. Disability Ass'n, Inc. v. Chmielarz, 289 F.3d 1315, 1319 (11th Cir. 2002) ("[T]he district court interpreted Buckhannon to stand for the proposition that a plaintiff could be a 'prevailing party' only if it achieved one of those two results.  That reading of Buckhannon, however, is overly narrow.").  As the Supreme Court reaffirmed post-Buckhannon "'[t]he touchstone of the prevailing party inquiry' . . . 'is the material alteration of the legal relationship of the parties in a manner in which Congress sought to promote in the fee statute.'"  Sole v. Wyner, 551 U.S. 74, 82 (2007) (quoting Tex. State Teachers Assn. v. Garland Indep. Sch. Dist., 489 U.S. 782, 792–93 (1989)).

The Eighth Circuit's most recent analysis of Buckhannon held that "a party who prevails must obtain a 'judicially sanctioned change in the legal relationship of the parties.'"  United States v. $32,820.56, 838 F.3d 930, 935 (8th Cir. 2016) (quoting Buckhannon, 532 U.S. at 605).  Therefore, prevailing party status is not strictly limited to the two specific forms of relief identified in Buckhannon.  Rather, a prevailing party is one who obtains a "judicially sanctioned change in the legal relationship of the parties."  Id. (quotation marks omitted).

### 2. Whether Plaintiffs are the Prevailing Party

Plaintiffs contend they "prevailed" for attorney fee award purposes because the ALJ ordered the School District to "provide an IEE of [T.O.F.] at public expense." AR at OAH001314. The School District responds that Plaintiffs securing a publicly funded IEE does not mean Plaintiffs are the prevailing party for two reasons. First, the School District argues that Plaintiffs cannot be considered the prevailing party because the Complaint was ultimately dismissed with prejudice. The School District additionally argues that the ALJ's order compelling the IEE was a preliminary order and not the type of success on the merits necessary to conclude that Plaintiffs prevailed.

#### a. Complaint Dismissed with Prejudice

The School District argues that the dismissal with prejudice of the Complaint constitutes a "rejection of the plaintiff's claims on the merits," Plaintiffs can not be considered the prevailing party. Jaramillo v. Burkhart, 59 F.3d 78, 79 (8th Cir. 1995). The School District's argument is unpersuasive.

As discussed above, to be the prevailing party, a litigant does not need to obtain a favorable final judgment on the merits. Judicially enforced settlements and consent decrees—the latter explicitly recognized in Buckhannon as an example of judicial action that can give prevailing party status—can result in a material alteration of the parties' legal relationship even though the action is later voluntarily dismissed with prejudice. See, e.g., Richard S. v. Dep't of Dev. Servs. of State of Ca., 317 F.3d 1080,1084–86 (9th Cir. 2003) (holding that settlement agreement conferred prevailing party status to plaintiff even though case was dismissed with prejudice); American Disability Ass'n,, 289 F.3d at 1319–21 (same); Shloss v.

9

Sweeney, 515 F. Supp. 2d 1083, 1084–86 (N.D. Cal. 2007) (same).  There is no significant difference between Plaintiffs' obtaining a court order requiring the School District to perform an IEE, and a judicially enforced settlement or consent decree requiring the same.  In either instance, the parties' legal relationship is altered by judicial imprimatur sufficient to confer prevailing party status.  Buckhannon, 532 U.S. at 605.  Therefore, if a settlement can permit an award of attorneys' fees when the complaint is dismissed with prejudice, there is no compelling reason why the same result shall not occur here.

In an effort to distinguish this case from those altered relationship cases, the School District cites Jaramillo for the proposition that dismissal with prejudice renders all underlying orders null and void, and res judicata applies to bar any future litigation.  Thus, argues the School District, since dismissal with prejudice nullifies the ALJ's order, Plaintiffs' sole victory predicating their administrative level success was erased by the Complaint's ultimate disposition.  However, the School District's argument relies upon the same cramped interpretation of Buckhannon, and ignores the relief Plaintiffs' received.  The ALJ's order requiring the School District to perform a IEE resulted in T.O.F. receiving a new IEP based upon the new evaluation.  This legal change in the parties' relationship was not erased because the Complaint was later dismissed with prejudice:  T.O.F. did not revert back to his IEP based upon the March 2016 evaluation once the Complaint was dismissed with prejudice.  That the Complaint was dismissed with prejudice is not dispositive of Plaintiffs' assertion that they are the prevailing party.

### b. Preliminary IEE Ruling

The School District next argues that Plaintiffs are not entitled to attorneys' fees because the order requiring the IEE was a preliminary ruling that cannot confer prevailing party status.

In support of this argument, the School District asserts that Plaintiffs' request for an IEE could not have been the main subject of their Complaint because there was no dispute about any IEE when the Complaint was filed.

The School District cites inapposite authority to support its argument that the IEE order is a preliminary ruling that cannot confer prevailing party status. For example, in John T. v. Delaware County Intermediate Unit, a preliminary injunction, contempt order, and an acceptable IEP were insufficient forms of relief to confer prevailing party status to the plaintiff. 318 F.3d 545, 558–59 (3d Cir. 2003). In that case, the preliminary injunction and contempt order were interim relief designed to maintain the status quo rather that relief based on the merits of plaintiff's claim. Id. A preliminary injunction designed to maintain the status quo is a materially different form of relief than the ALJ's order compelling the School District to perform an IEE.[4] A preliminary injunction, unlike the order compelling the IEE, can be lifted after further assessment into the merits.[5] The favorable IEP obtained by the Plaintiff in Delaware County did not confer prevailing party status because the IEP was developed through negotiations out of court and thus lacked the required judicial imprimatur. Id. at 558–60.

The School District also supports its argument by citing cases where attorneys' fees were not awarded because the plaintiff only obtained a technical victory, and cases where the relief

---

[4] This is consistent with holdings that success under the IDEA through the invocation of the stay-put provision provides only interim relief for which attorneys' fees may not be awarded. See, e.g., Bd. of Educ. of Downers Grove Grade Sch. Dist. No. 58 v. Steven L., 89 F.3d 464, 468–69 (7th Cir. 1996).

[5] Even preliminary relief is occasionally sufficient to convey prevailing party status. See Northern Cheyenne Tribe v. Jackson, 433 F.3d 1083, 1086 (8th Cir. 2006) ("[S]ome preliminary injunctions are sufficiently akin to final relief on the merits to confer prevailing party status.").

was conditioned on the plaintiff performing certain duties that went uncompleted. See Hale v. Poplar Bluff R-I Sch. Dist., 280 F.3d 831, 833 (8th Cir. 2002) (denying prevailing party status where plaintiff "prevailed on only a small and technical part of their claim"). See Drennan v. Pulaski Cty. Special Sch. Dist., 458 F.3d 755, 757 (8th Cir. 2005); ("[T]he relief in this case was even more tenuous because the Hearing Officer conditioned the limited relief on Drennan discharging certain duties. . . . Drennan never discharged these duties and the relief was not received."). The School District also cites cases where the victory obtained was not sought in filing the due process complaint. See P.O. ex rel. L.T. v. Greenwich Bd. of Educ., 210 F. Supp. 2d 76, 85–86 (D. Conn. 2002) (declining to award plaintiff prevailing party status for hearing officer's favorable ruling for the 1999-2000 IEP because the due process complaint was concerned with the IEP for the 1998-1999 school year). None of this authority is directly applicable here. In this case, Plaintiffs claimed that T.O.F. "has not made adequate progress in the skills identified for improvement in his IEPs over the past few years, and his needs have not been properly or appropriately identified." Compl. Consistent with that assertion, Plaintiffs sought a new IEE, the results of which would then be incorporated into a new BIP and IEP. The AJL ordered the School District to perform the IEE, and its results were incorporated into T.O.F.'s new BIP and IEP. The IEE order was not a technical victory or contingent on a duty that Plaintiffs failed to perform. Plaintiffs prevailed on one of the claims explicitly asserted in the Complaint.

The School District additionally argues that if the case had not been dismissed prior to the due process hearing, the School District's position would have been vindicated with a ruling that Plaintiffs had not met their burden to prove a violation of the IDEA. Therefore, the School

District posits, it would be perverse to claim that Plaintiffs were the prevailing party even though the claims asserted in their Complaint would have ultimately been rejected. Even if the School District's prediction is correct, it is largely irrelevant because "a hearing officer's determination that [the school] did not deny a student a [free and appropriate public education] does not control the court's determination of prevailing party status." Bush ex rel. A.H. v. Dist. of Columbia, 579 F. Supp. 2d 22, 28 (D.D.C. 2008) (citation omitted); Sykes v. Dist. of Columbia, 870 F. Supp. 2d 86, 92–93 (D.D.C. 2012) (finding that the plaintiff was a prevailing party, even though the hearing officer did not find a denial of a free and appropriate public education).

Finally, the School District argues that Plaintiffs did not request an IEE at public expense before filing the Complaint, and thus Plaintiffs could not allege that the School District violated their right to an IEE. This argument is also unpersuasive.

The argument the School District raises here is a mutation of the unsuccessful argument it made to the ALJ, that Plaintiffs are not entitled to demand a new IEE in the Complaint without first expressing a pre-suit dispute with a previous IEE. The ALJ found this argument unconvincing and that decision will not be revisited in this attorney fee petition. Put simply, Plaintiffs filed a Complaint that sought an IEE at public expense and an improved IEP and BIP incorporating the results of the IEE. Plaintiffs were successful in defeating the School District's resistance, and eventually secured an order compelling the School District to perform an IEE at public expense, and a new IEP and BIP was created as a result. Thus, Plaintiffs substantially prevailed.

The School District contends that rewarding Plaintiffs with their attorneys' fees under these circumstances will encourage gamesmanship and fee chasing because Plaintiffs are being

rewarded for securing an IEE without first providing the School District an opportunity to comply with IDEA's statutory obligations. The context of this case shows this argument to be flawed. There is no concern of gamesmanship here because if the School District had agreed to provide the IEE prior to the ALJ's order, its voluntary agreement would lack the judicial imprimatur necessary to confer prevailing party status. See Sierra Club v. City of Little Rock, 351 F.3d 840, 845 (8th Cir. 2003) ("[T]he change in the relationship must be judicially sanctioned, a voluntary change in the relationship between the parties as a result of a lawsuit is insufficient to trigger a shift in the general rule that parties pay their own fees." (quotations omitted)).

Plaintiffs are therefore considered the prevailing party under 20 U.S.C. § 1415(i)(3)(B) and are entitled to an award of reasonable attorneys' fees.

### 3. Attorneys' Fees

#### a. Legal Standard

The starting point for determining reasonable attorneys' fees is the "lodestar" calculation, which multiplies the number or hours reasonably expended on the litigation by a reasonable hourly rate. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). A reasonable hourly rate considers the rates commonly charged by attorneys for similar work in the community where the case is litigated. Fish v. St. Cloud State Univ., 295 F.3d 849, 851 (8th Cir. 2002). In calculating a reasonable fee amount, courts should exclude hours that were not "reasonably expended," such as excessive or redundant hours or instances where overstaffing or poor billing judgment has occurred. Hensley, 461 U.S. at 434.

### b. Attorneys' Fee Award

Plaintiffs seek a total attorneys' fee award of $50,177.50. See Second Goetz Aff. [Docket No. 39] ¶ 4. This amount reflects 174.5 hours of work performed by lead counsel, supporting counsel, and a law clerk. Lead Plaintiffs' counsel Amy J. Goetz, who has been licensed since 1991, performed 153.5 hours of work at a billable rate of $300.00 per hour. Id.; First Goetz Aff. ¶ 11; Ex. H. Supporting attorney Andrea L. Jepsen, who has 20 years of experience, performed 1.25 hours of work at $250.00 per hour. First Goetz Aff. ¶ 17. Finally, a law clerk performed 19.75 hours of work at $100.00 per hour. Id. ¶ 16.

The School District does not challenge the hourly rates of Plaintiffs' legal team and the Court finds their rates reasonable. The School District does, however, present four arguments supporting their contention that Plaintiffs' attorney fee application must be reduced: 1) a substantial portion of Plaintiffs' counsel's work occurred after rejected settlement offers that offered more relief than was later obtained through the proceedings; 2) Plaintiffs' primary counsel was unlicensed and unauthorized to practice law for a period during the litigation; 3) some of Plaintiffs' counsel's billing entries are not compensable; and 4) Plaintiffs' fees must be reduced in proportion to their limited success.

The School District's argument for a reduction based on Plaintiffs' rejection of early settlement offers is unpersuasive. Under 20 U.S.C. § 1415(i)(3)(D)(i)(III), attorneys' fees may not be awarded if the court "finds that the relief finally obtained by the parents is not more favorable to the parents than the offer of settlement." Notwithstanding that prohibition, subsection (E) provides that "an award of attorneys' fees and related costs may be made to a parent who is the prevailing party and who was substantially justified in rejecting the settlement

offer." 20 U.S.C. § 1415(i)(3)(E). Under the circumstances here, Plaintiffs were substantially justified in rejecting the School District's settlement offers. While the parties made substantial progress towards settling the litigation, certain issues remained unresolved that prevented settlement, including the amount of attorneys' fees and a consent decree. See Wattenbarger Aff. Exs. A–Q [Docket No. 32] at Exs. C–Q. The School District's final offer of $13,290 in attorneys' fees was made when Plaintiffs had incurred nearly $25,000 in attorneys' fees, and the issue of the consent decree was the crux of the School District's opposition to Plaintiffs' fee request in federal court. Id. Exs. M, O. Accordingly, Plaintiffs were substantially justified in rejecting the School District's settlement offers and, therefore, no reduction under 20 U.S.C. § 1415(i)(3)(D)(i)(III) is warranted.

Turning to the issue of the status of Plaintiffs' counsel's license to practice law, the Court agrees with the School District that Plaintiffs are not entitled to recover attorneys' fees between April 6 and May 24, 2017, the time their lead counsel was unlicensed. As the Ninth Circuit observed in Z.A. v. San Bruno Park School District, "[a] person is or is not licensed to practice law in a particular forum. There is no halfway. If not licensed, one cannot practice in that forum, and cannot charge, or receive attorney's fees for such services. . . ." 165 F.3d 1273, 1276 (9th Cir. 1999). Although Plaintiffs' counsel's licensing lapse was for administrative reasons, attorneys' fees will not be awarded during the time her license was suspended. Therefore, Plaintiffs' fee award will be reduced by $6,000 to account for fees incurred between April 6 and May 24, 2017.[6]

---

[6] While the School District contends that $5,950 in attorneys' fees were incurred during the time Plaintiffs' lead counsel was unlicensed, based on the billing statement provided in the Second Goetz Affidavit, there were 15 time entries totaling $6,000 during this time period.

16

Next, the School District argues that Plaintiffs cannot be compensated for certain activities, such as time billed for IEP meetings or resolution sessions, as well as for work performed by evaluators prior to January 26, 2017.[7]  After reviewing Plaintiffs' counsel's billing records, the Court is satisfied that Plaintiffs' voluntary deduction of $1,200 sufficiently accounts for time billed for IEP meetings or resolution sessions.  The attorneys' fees award must also remain consistent with the ALJ's order that "expenses incurred by the Parents for work done by [the evaluators] before January 26, 2017, in connection with evaluating the Student is the financial responsibility of the Parents, not the School District."  AR at 001241.  Accordingly, Plaintiffs attorneys' fee award will be reduced by $4,650 for time billed for work done by the evaluators prior to January 26, 2017.  This reduction accounts for billing entries on December 7 and 20, and January 1, 11, 23, and 25.  See Second Goetz Aff.

Finally, Hensley permits reducing an attorneys' fees award when the plaintiff "has achieved only partial or limited success."  461 U.S. at 436.  "In awarding attorney fees, 'the most critical factor is the degree of success obtained.'"  Wheeler v. Mo. Highway & Transp. Comm'n, 348 F.3d 744, 754 (8th Cir. 2003) (quoting Hensley, 461 U.S. at 436).  Plaintiffs here prevailed on the IEE portion of their due process complaint.[8]  While this was significant, the remaining claims in their complaint were abandoned prior to the due process hearing.  Even if, as Plaintiffs contend, the IEE claim was the impetus for bringing the due process complaint, jettisoning the remaining, active claims prior to the due process hearing warrants a reduction in the attorneys'

---

[7] Plaintiffs are no longer seeking $2,790 for two invoices relating to work performed by an evaluator prior to January 26, 2017, the date the ALJ ordered the IEE.

[8] Plaintiffs were also able to secure T.O.F.'s same school placement, but since that success was not judicially mandated it is not a factor in evaluating Plaintiffs' success.

fees award. Moreover, Plaintiffs incurred attorneys' fees pursuing reconsideration of three rulings by the ALJ. Two of Plaintiffs' arguments on reconsideration were completely rejected, and Plaintiffs' obtained only partial success on the third.[6] Accordingly, the Court finds a reduction of 30% to be appropriate considering Plaintiffs' partial success.

### c. Conclusion

Plaintiffs' request of $50,177.50 will be reduced by $10, 650 to account for time billed when Plaintiffs' counsel was unlicensed to practice law and for billing related to evaluator work prior to January 26, 2017. This reduction results in a total fee of $39,527.50. That amount will be reduced by 30% to reflect the limitations of Plaintiffs' success. When that reduction is applied, the total attorneys' fees award is $27,669.25.

## IV.  CONCLUSION

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiffs Lynne Ogawa Parent and Natural Guardian of T.O.F., a Minor Child; and Laura Flockencier, Parent, and Natural Guardian of T.O.F., a Minor Child's Revised Motion for Summary Judgment [Docket No. 21] is **GRANTED**;

2. Defendant Saint Paul Public Schools, Independent School District No. 625's Motion for Summary Judgment [Docket No. 28] is **DENIED**;

3. Defendant shall pay Plaintiffs $27,669.25 in attorneys' fees and costs.

---

[6] Plaintiffs sought reconsideration of the ALJ's decisions that: 1) the School District need not pay for work done by evaluators prior to January 26, 2017; 2) a separate evaluator specializing in early childhood trauma was not needed; and 3) the School District need not pay for evaluators to attend an IEP team meeting. AR at OAH000013. The ALJ denied Plaintiffs' arguments with respect to the early childhood trauma evaluator and payment for attending an IEP team meeting, but ordered the School District to cover $1,250 in evaluator costs for work performed prior to January 18, 2017, which was only a portion of what Plaintiffs were seeking. Id. The School District has already compensated Plaintiffs for these costs.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: January 10, 2018.